UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

CONTINENTAL CASUALTY
COMPANY a Foreign corporation, and
TRANSPORTATION INSURANCE
COMPANY, a Foreign corporation,

Plaintiffs,

CASE NO. 11-CV-768

v.

POOLMAN OF WISCONSIN, INC.

Defendant.

_____ /

## ORDER FOR JUDGMENT AND JUDGMENT

Pursuant to the Stipulation and Consent Judgment submitted by Continental Casualty Company, Transportation Insurance Company, and Poolman of Wisconsin, Inc., and based upon the entire court record, IT IS HEREBY ORDERED, DECREED AND DECLARED THAT JUDGMENT SHALL BE HAD AND ENTERED IN FAVOR OF CONTINENTAL CASUALTY COMPANY and TRANSPORTATION INSURANCE COMPANY and AGAINST POOLMAN OF WISCONSIN, INC. as follows:

1. This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 for the purpose of determining the rights and obligations, if any, relative to three insurance policies.

2. CCC and TIC seek a declaration that they have no duty to defend or indemnify Poolman with regard to a class action lawsuit filed against Poolman and pending in the Circuit Court of Cook County, Illinois, captioned *Uesco Industries, Inc. v. Poolman of Wisconsin, Inc.*, Case No. 09 CH 16028 (Cir. Ct. of Cook Cty., IL) (hereinafter the "Underlying Suit").

3. CCC issued a primary general liability policy to Poolman under policy number B 2067523007, with limits of liability of $1,000,000 Each Occurrence, $1,000,000 Personal & Advertising Injury, and $1,000,000 General Aggregate, for the January 2, 2004 to January 2, 2005 policy period (the "CCC primary policy").

4. TIC issued two primary general liability policies to Poolman under policy number B 2067523007. One was for the for January 2, 2005 to January 2, 2006 policy period (the "TIC 05-06 primary policy"). The second was for the January 2, 2006 to January 2, 2007 policy period. (the "TIC 06-07 primary policy") (Hereinafter these are jointly referred to as the "TIC policies"). Each of the TIC policies is subject to a $1,000,000 Each Occurrence limit, a $1,000,000 Personal & Advertising Injury limit, and a $1,000,000 General Aggregate limit.

5. Poolman entered a general denial to the allegations asserted in the Amended Complaint.

6. On May 1, 2012, CCC and TIC served Poolman with Requests for Admissions.

7. Poolman has determined it has no basis in law or fact to deny any request in CCC's and TIC's May 1, 2012 Requests for Admissions.

8. CCC and TIC are entitled to a Declaratory Judgment that CCC and TIC have no duty to defend or indemnify Poolman, or reimburse Poolman for defense costs incurred, in the Underlying Suit, under the CCC and TIC policies, for the following reasons:

    A. The Underlying Complaint does not allege "bodily injury."

    B. The Underlying Complaint does not allege "property damage."

    C. The Underlying Complaint does not allege "personal and advertising injury."

    D. Even if the Underlying Complaint alleged "bodily injury" or "property damage," which it does not, any alleged "bodily injury" or "property damage" was not caused by an "occurrence."

E. Even if the Underlying Complaint alleged "bodily injury" or "property damage," which it does not, any alleged "bodily injury" or "property damage" was not caused by an "occurrence" during the policy period.

F. Even if the Underlying Complaint alleged "personal and advertising injury," which it does not, any alleged "personal and advertising injury" was not caused by an "offense" during the policy period.

G. Even if the Underlying Complaint alleged "bodily injury" or "property damage," which it does not, the "Expected or Intended" exclusion bars coverage.

H. Even if the Underlying Complaint alleged "personal and advertising injury," which it does not, the "Knowing Violation" exclusion bars coverage.

I. Even if the Underlying Complaint alleged "personal and advertising injury," which it does not, the "Prior Publication" exclusion bars coverage.

J. Even if the Underlying Complaint alleged "personal and advertising injury," which it does not, the "Violation of Statutes" exclusion, contained in the TIC 06-07 primary policy, bars coverage.

IT IS FURTHER ORDERED AND ADJUDGED: judgment is entered without costs or attorneys fees to any party.

Dated this 31st day of July, 2012.

BY THE COURT:

*[signature]*

Judgment entered this 31st day of July, 2012.

*[signature]* Peter Oppeneer
~~Deputy~~ Clerk

3